**MANDATE**

17-1719-cv
*Hollander v. Brooks, et al.*

N.Y.S.D. Case #
16-cv-6624(PAE)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand eighteen.

PRESENT: GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 20, 2018
```

ROY DEN HOLLANDER,

*Plaintiff-Appellant*                                            17-1719-cv

v.

MAJOR ELLIOTT GARRETT, CBS NEWS REPORTER, KATHARINE BEAR TUR, NBC NEWS REPORTER, CHARLES DAVID TODD, NBC MODERATOR OF MEET THE PRESS, THOMAS LLAMAS, ABC NEWS REPORTER AND ANCHOR, ABILIO JAMES ACOSTA, CNN REPORTER, DAVID BROOKS, COMMENTATOR FOR THE NEW YORK TIMES AND PBS NEWS HOUR, JENNA JOHNSON, WASHINGTON POST REPORTER, CBS NEWS INC., ABC NEWS DIVISION, CABLE NEWS NETWORK, INC., LISA DESJARDINS, LESTER DON HOLT, JR., HALLIE MARIE JACKSON, JONATHAN DAVID KARL, ANDREA MITCHELL, NBCUNIVERSAL NEWS GROUP, NEWSHOUR PRODUCTIONS LLC, NEW YORK TIMES NEWSROOM, MEGAN M. TWOHEY, CECILIA M. VEGA, KRISTEN WELKER, WASHINGTON POST NEWSROOM, JOHN YANG,

*Defendants - Appellees,*

1

GWENDOLYN L. IFILL,

        *Defendant.*

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Roy Den Hollander, pro se, New York, New York |
| **FOR DEFENDANTS-APPELLEES MAJOR ELLIOTT GARRETT, ET AL.:** | Katherine M. Bolger, Elizabeth A. McNamara, Eric J. Feder, David Wright Tremaine LLP, New York, New York |
| **FOR DEFENDANTS-APPELLEES DAVID BROOKS, ET AL.:** | David E. McCraw, Ian MacDougall, The New York Times Company, New York, New York |

      Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

      **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 10, 2017 judgment of the District Court is **VACATED** and **REMANDED** with instructions to the District Court to enter a judgment of dismissal without prejudice.

      Plaintiff-Appellant Roy Den Hollander ("Hollander"), an attorney proceeding *pro se*, appeals from the District Court's decision to grant a motion to dismiss his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

      Hollander sued seven television and print news organizations and 17 journalists associated with them. He alleged that these news organizations are "enterprises" within the meaning of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). He alleges that these organizations and journalists violated RICO § 1962(c) by reporting false information related to the 2016 United States presidential election—and each piece of false information was a predicate act of wire fraud supporting a claim of racketeering. Defendants moved to dismiss under Fed R. Civ. Pro. 12(b)(1) and (12)(b)(6), arguing that 1) Den Hollander's claim violated the First Amendment; 2) Den Hollander lacked standing to assert his claim; and 3) Den Hollander failed to adequately allege a viable civil RICO claim. The District Court granted their motion, stating that "each of these arguments is meritorious."

      We review *de novo* a district court's dismissal of a complaint for lack of standing or failure to state a claim. *See Allco Fin. Ltd. v. Klee*, 805 F.3d 89, 93 (2d Cir. 2015). When evaluating a motion to dismiss, a court "must accept as true all of the factual allegations set out in [a] plaintiff's complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007) (internal citation omitted).

    We conclude that the District Court properly granted defendants' motion to dismiss for lack of standing, as Hollander did not suffer any particularized injury. Because we affirm the District Court's decision to grant the motion to dismiss on this ground, we need not reach the other elements of defendants' motion to dismiss.

    However, dismissal for subject matter jurisdiction must be without prejudice, and here the District Court granted Hollander's motion to dismiss with prejudice. *See Hernandez v. Conriv Realty Assoc.*, 182 F.3d 121, 123 (2d Cir. 1999).

    We have reviewed all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **VACATE** the judgment and **REMAND** with instructions to the District Court to enter a judgment of dismissal without prejudice.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3